IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SEFULUONO F. BANE and RUTA A. TULENKEN,<br><br>    Plaintiffs,<br><br>  vs.<br><br>SAILORS' UNION OF THE PACIFIC; JOHN DOES 1-10; JANE DOES 1-10; DOE ENTITIES 1-10,<br><br>    Defendants.<br>_____ | CIV. NO. 05-00577 JMS BMK<br><br>SPECIAL MASTER'S REPORT RECOMMENDING THAT DEFENDANT'S MOTION FOR ATTORNEY'S FEES BE DENIED |

SPECIAL MASTER'S REPORT RECOMMENDING THAT DEFENDANT'S
MOTION FOR ATTORNEY'S FEES BE DENIED

On November 16, 2005, Plaintiffs Sefuluono Bane ("Bane") and Ruta Tulenken ("Tulenken") filed their first amended complaint against Defendant Sailors Union of the Pacific ("SUP"). Included in this complaint was Bane's allegation that SUP had violated Title VII of the Civil Rights Act of 1964 by discriminating against her based on her gender and race. On January 22, 2008, Bane and SUP stipulated to the dismissal of Bane's Title VII claim with prejudice, but agreed that SUP would retain the right to bring a motion for attorney's fees and costs. Final judgment on this action was entered on March 28, 2008, and SUP has

now filed the present motion seeking fees and costs related to Bane's Title VII claim. After careful consideration of the motion, the supporting and opposing memoranda, the exhibits, and the history of this case, the Special Master RECOMMENDS that SUP's motion for attorney's fees be DENIED.

## STANDARD OF REVIEW

A prevailing party in a Title VII action may, at the discretion of the court, be allowed "a reasonable attorney's fee . . . as part of costs." 42 U.S.C. § 2000e-5(k). Prevailing defendants may be awarded attorney's fees where the plaintiff's cause of action was "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Nat'l Org. of Women v. Bank of America, 680 F.2d 1291. 1293 (9th Cir. 1982) (quoting Christianburg Garment Co. v. EEOC, 434 U.S. 412 (1978)). Other jurisdictions have found that an award of attorney's fees to a prevailing Title VII defendant is warranted where the plaintiff failed to establish a prima facie case of discrimination, and where one the plaintiff's claims was clearly time barred. Bugg v. Int'l Union of Allied Industrial Workers. of America, 674 F.2d 595 (7th Cir. 1982).

## DISCUSSION

Here, SUP asserts four separate grounds on which Bane's Title VII claims might be deemed frivolous, unreasonable, or without foundation. None of

the four grounds provide a sufficient basis for a finding that Bane's claims were frivolous, unreasonable, or without foundation.

First, SUP contends that Bane failed to establish a prima facie case of discrimination because she did not officially apply for the four-month job that was called on April 22, 2005. A person's failure to submit a job application does not necessarily foreclose a Title VII claim, however. See Int'l Broth. of Teamsters v. United States, 431 U.S. 324, 367-68 (1977); see also Bouman v. Block, 940 F.2d 1211, 1221 (9th Cir. 1991) ("A plaintiff is not barred from bringing such an action where an application would have been a useless act serving only to confirm a discriminatee's knowledge that the job he wanted was unavailable to him." (quotation omitted)). Where an employer forgoes the application process, as Bane alleges here, a plaintiff can meet the "application" element by "showing that, had she known of [the opening], she would have applied." Box v. A&P Tea Co., 772 F.2d 1372, 1377 (7th Cir. 1985). SUP has failed to show that under these particular circumstances, Bane would not have been able to make out a prima facie case of discrimination.

Second, SUP argues that Bane's Title VII claim should be deemed unreasonable or without foundation because she failed to establish that SUP's non-discriminatory reason for not awarding her the four month job referral was a

pretext. Bane, assuming that SUP's non-discriminatory reason for not offering her the April 22, 2005 job would be that Bane was not present at the April 22, 2005 job call,[1] initially stated that the testimony of Jerry Yahiku ("Yahiku") would show that Lopes, the person who was given the job instead of Bane, was not present at the April 22, 2005 job call either. Ultimately, however, Yahiku stated in his deposition that he himself was not at the April 22 job call either, and could not testify as to whether or not Mr. Lopes was present on that day. (Def.'s Mem. Supp. Mot. 9.) Yahiku also testified in his deposition that he did not recall originally telling Bane that he was at the April 22 job call. SUP argues that this shows that "Bane never had evidence that . . . established the SUP's non-discriminatory reason . . . was a pretext," and that therefore, Bane's claim was without foundation. (Def.'s Mem. Supp. Mot. 9-10).

      Bane counters that Yahiku told her that he was changing his story for the deposition because he was afraid of being "blackballed" by SUP. (Pl.'s Mem. Opp. 6.) Between Bane's sworn declaration asserting her version of events and Yahiku's sworn deposition testimony, the Special Master has no means to determine whether Yahiku did or did not originally tell Bane that Lopes was not at

---

[1] SUP states that it actually "asserts a different argument" as to its non-discriminatory reason, but does not specify what this argument might be. (Def.'s Mem. Supp. Mot. 6.)

the April 22 job call.  Without more, the Special Master cannot say that Bane's Title VII claims were without foundation in this area.

Third, SUP claims that Bane's Title VII claim was without foundation because some of the allegedly discriminatory acts were deemed time-barred by the statute of limitations. (Def.'s Mem. Supp. Mot. 10.)  While it is true that the Court limited the basis of Bane's claim to discriminatory acts that occurred after October 2004, the Court did not, as SUP suggests, dismiss any particular claim of Bane's in it's September 8, 2006 order.  (See Order Denying Defendant's Motion for Summary Judgment, filed Sep. 8, 2006.)

Finally, SUP contends that Bane's Title VII claim was frivolous, unreasonable, or without foundation because her own sworn testimony contradicted the allegations in her first amended complaint.  (Def.'s Mem. Supp. Mot. 10.)  Specifically, SUP argues that although Bane's original allegation that Mr. Duvall telephoned Lopes to offer him the job was "specifically contradicted" by her deposition testimony, in which she admitted that she did not know for certain that Duvall contacted Lopes, but that she "just suspected it."  (Def.'s Mem. Supp. Mot. 12).  The Special Master does not view this as a contradiction.  Allegations made in a complaint are just that – allegations.  Bane contends that at the time she made that allegation, she had a reasonable basis for believing it to be

5

true.  When it became evident that Bane would not be able to provide sufficient factual support for that allegation, she agreed to withdraw her claim.

SUP has failed to show that Bane's Title VII claim was not only meritless, but was also frivolous, unreasonable, or without foundation. Accordingly, the Special Master RECOMMENDS that SUP's motion for attorney's fees be DENIED.

## CONCLUSION

For the foregoing reasons, the Special Master hereby RECOMMENDS that SUP's motion for attorney's fees be DENIED.

IT IS SO FOUND AND RECOMMENDED.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: May 8, 2008

Bane v. Seafarers International Union of North America; Civ. No. 05-00577 JMS-BMK; ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR ATTORNEY'S FEES.