IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SEFULUONO F. BANE and RUTA A. TULENKUN,<br><br>　　　　　Plaintiffs,<br><br>　　vs.<br><br>SAILORS' UNION OF THE PACIFIC et al.,<br><br><br>　　　　　Defendants.<br>_____ | Civ. No. 05-00577 JMS-BMK<br><br>SPECIAL MASTER'S REPORT RECOMMENDING THAT PLAINTIFFS' OBJECTIONS TO DEFENDANT'S BILL OF COSTS BE DENIED |

SPECIAL MASTER'S REPORT RECOMMENDING THAT PLAINTIFFS' OBJECTIONS TO DEFENDANT'S BILL OF COSTS BE DENIED

　　　　Defendant Sailors Union of the Pacific ("SUP") filed a bill of costs on May 29, 2008, seeking $2,091.88 in deposition transcript costs from Plaintiff Sefuluono Bane ("Bane"). Bane raises two objections to this bill of costs: that it was not timely filed, and that the costs described in the supporting memorandum are too vague to meet the requirements of Local Rule 54.2. Neither of these objections have merit, and the Special Master RECOMMENDS that Bane's objections be DENIED.

Local Rule 54.2(b) provides that "[u]nless otherwise ordered by the court, a Bill of Costs shall be filed and served *within* thirty (30) days of the entry of judgment . . . ." L.R. 54.2(b) (emphasis added).  This thirty-day period is calculated in accordance with Rule 6 of the Federal Rules of Civil Procedure.  See L.R. 6.1 (specifying a different calculation methodology only where the Local Rules require papers to be filed "not more than" or "not less than" a set number of days).  Under Rule 6 of the Federal Rules of Civil Procedure, the last day of the time period is excluded from calculation when it falls on a Saturday, Sunday, or legal holiday.  In that instance, the given time period "runs until the end of the next day that is not a Saturday, Sunday, [or] legal holiday . . . ."  Fed. R. Civ. P. 6.

Here, judgment was entered on March 28, 2008.  Because thirty days after March 28th was a Sunday, SUP had until the end of the following day, Monday, April 28, to timely file its bill of costs.  SUP filed its bill of costs on April 28,[1] and so it was timely filed under Local Rule 54.2(b).

Bane's argument that the Bill of Costs was not timely filed appears to rest on Rule 39 of the Federal Rules of Appellate Procedure, which prescribes a 14-day filing period for bills of costs filed with courts of appeal.  Bane writes that

---

[1] Bane contends that "Defendant's Bill of Costs was not filed until May 29, 2008." (Pl.'s Objs. 2.)  This is actually the date on which the Court taxed costs, however, not the date on which the Bill of Costs was filed.

"[c]learly, Defendant's Bill of Costs violates Rule 39, Federal Rules of Appellate Procedure."  That may well be the case.  Equally, clearly, however, SUP has filed its bill of costs in a district court, and not in a court of appeals.  In fact, no appeal has yet been taken in any portion of this case, and so the Special Master is at a loss as to understand why the Rules of Appellate Procedure have any bearing on calculating the timeliness of the bill of costs.

Bane also argues that the costs described in the supporting memorandum are too vague to meet the requirements of Local Rule 54.2.  The Special Master disagrees.  SUP is seeking costs for only four separate items; namely, four deposition transcripts.  Deposition transcripts are explicitly allowed under Local Rule 54.2(f)(2).  Each of these deposition transcripts is separately enumerated in SUP's memorandum, the cost for each transcript specified, and documentation for the cost of each transcript is provided.  The Special Master therefore FINDS that the bill of costs meets the requirements fo Local Rule 54.2.

For the foregoing reasons, the Special Master FINDS Bane's objections to SUP's Bill of Costs to be meritless, and RECOMMENDS that the objections be DENIED.

IT IS SO FOUND AND RECOMMENDED.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: June 27, 2008

Bane v. Sailors' Union of the Pacific; Civ. No. 05-00577 JMS-BMK; SPECIAL MASTER'S REPORT RECOMMENDING THAT PLAINTIFFS' OBJECTIONS TO DEFENDANT'S BILL OF COSTS BE DENIED