IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SEFULUONO F. BANE and RUTA A. TULENKUN,<br><br>    Plaintiffs,<br><br> vs.<br><br>SAILORS' UNION OF THE PACIFIC; JOHN DOES 1-10; JANE DOES 1-10; and DOE ENTITIES,<br><br>    Defendants.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL NO.  05-00577 JMS/BMK<br><br>ORDER ADOPTING SPECIAL MASTER'S REPORT RECOMMENDING THAT DEFENDANT'S MOTION FOR ATTORNEY'S FEES BE DENIED |

## ORDER ADOPTING SPECIAL MASTER'S REPORT RECOMMENDING THAT DEFENDANT'S MOTION FOR ATTORNEY'S FEES BE DENIED

   Plaintiff Sefuluono F. Bane ("Bane") alleged that her union, Defendant Sailors' Union of the Pacific ("SUP"), violated Title VII of the Civil Rights Act of 1964 by discriminating against her on the basis of race and gender in preventing her from receiving jobs in March 2004 and April 2005.  After the court found the March 2004 event time-barred, and a witness failed to corroborate the April 2005 event, Bane and SUP stipulated to dismissal of Bane's Title VII claim with prejudice.  SUP's motion for attorney's fees followed.

   On May 8, 2008, Magistrate Judge Barry M. Kurren entered his Special Master's Report Recommending That Defendant's Motion for Attorney's

Fees Be Denied ("May 8, 2008 Report"). On May 27, 2008, SUP objected to the May 8, 2008 Report.[1] For the following reasons, the court ADOPTS the May 8, 2008 Report.

## I. STANDARD OF REVIEW

In acting on a special master's report, the district court must afford an opportunity to be heard and may receive evidence. Fed. R. Civ. P. 53(f)(1). The district court may "adopt or affirm; modify; wholly or partly reject or reverse, or resubmit to the master with instructions." *Id.* The district court must decide de novo all objections to findings of fact and/or conclusions of law made or recommended by the special master. Fed. R. Civ. P. 53(f)(3) & (4).

## II. ANALYSIS

A prevailing party in a Title VII action may, at the court's discretion, be allowed "a reasonable attorney's fee . . . as part of costs." 42 U.S.C. § 2000e-5(k). "[A]ttorneys' fees . . . should only be awarded a defendant in exceptional circumstances." *Saman v. Robbins*, 173 F.3d 1150, 1157 (9th Cir. 1999) (internal quotation marks and alteration omitted). "A plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it

---

[1] Bane did not file any response.

clearly became so." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978).

The May 8, 2008 Report applied this standard and found that SUP was not entitled to attorney's fees for prevailing on Bane's Title VII claim. Upon a de novo review of the memoranda and exhibits before Magistrate Judge Kurren, SUP's May 27, 2008 Objection, and the entire record, the court finds that the May 8, 2008 Report properly determined that this is not an exceptional case warranting attorney's fees. The May 8, 2008 Report addressed concisely all of SUP's arguments and explained why they lack merit. The court therefore ADOPTS the reasoning of the May 8, 2008 Report in full, and additionally addresses SUP's Objection as follows.

SUP first argues that it is entitled to attorney's fees because Bane's claim based on the March 2004 event was clearly time-barred.[2] Def.'s Obj. 6. While the court did determine that Bane "cannot recover for any discrete acts of discrimination that occurred prior to October 21, 2004," *see* Doc. No. 52 at 4, this

---

[2] Because the parties are familiar with the facts of this case, the court does not recite them here. A description of SUP's job referral process and Bane's claims may be found in the court's February 19, 2008 Order Granting In Part And Denying In Part: (1) Defendant's Second Motion To Dismiss, Or In The Alternative Motion For Summary Judgment; and (2) Defendant's Supplemental Motion For Summary Judgment on Plaintiffs' Intentional Infliction of Emotional Distress Claims and the related briefing by the parties, or the March 7, 2008 Order Granting Reconsideration of the February 19, 2008 Order.

3

finding did not make Bane's Title VII claim frivolous because it was also based on timely allegations, *i.e.*, the April 2005 event. SUP cites no caselaw to support the proposition that the court should parse out factual allegations and award attorney's fees where some factual allegations are untimely.[3]

Second, SUP argues that Bane's allegations regarding the April 22, 2005 event were frivolous because Bane testified during deposition that she did not know anybody who could confirm her suspicions that SUP improperly awarded a job to another individual via telephone on that date. Def.'s Obj. 11-12. The May 8, 2008 Report explained why Bane's deposition testimony did not contradict her allegations, and the court's own review of Bane's testimony shows no contradiction. Indeed, Bane's "suspicion" was based on her understanding from Jerry Yahiku that SUP did not announce any jobs on April 22, 2005, 2:00 p.m. job call, and her belief that the position should therefore have been announced on April 25, 2005 when she was present. Doc. No. 97, Ex. B, Dec. 7, 2007 Bane Decl. ¶¶ 9-10. When Yahiku contradicted Bane's version of events, Bane properly withdrew her Title VII claim.

---

[3] SUP's reliance on *Bugg v. International Union of Allied Industrial Workers of America, Local 507 AFL-CIO*, 674 F.2d 595, 600 (7th Cir. 1982), is misplaced. *Bugg* addressed the situation where plaintiff's entire claim was either untimely or without foundation, and plaintiff proceeded to trial anyway. Such facts are not present here. Indeed, after Bane realized that a witness would not corroborate her allegations, the parties stipulated to dismissal of her Title VII claim.

Third, SUP argues that Bane "made deliberately false statements" showing bad faith because Yahiku testified that he never told her that SUP did not announce any jobs during the April 22, 2005, 2:00 p.m. job call. Def.'s Obj. 12. As explained by the May 8, 2008 Report, Bane asserts that Yahiku changed his story to avoid being "black-balled" by SUP, and with two contradictory sworn statements -- Yahiku's deposition testimony and Bane's declaration -- there is no means of determining whether Yahiku told Bane about the job call. May 8, 2008 Report 4. Simply put, their conflicting stories do not establish bad faith.

Finally, SUP argues that Bane should have known that she could not establish a prima facie case because she never applied for the opening and admits that she was not present at the April 22, 2005, 2:00 p.m. job call. SUP misunderstands both Bane's claim and the law. As explained in the May 8, 2008 Report:

> A person's failure to submit a job application does not necessarily foreclose a Title VII claim, however. *See Int'l Broth. of Teamsters v. United States*, 431 U.S. 324, 367-68 (1977); *see also Bouman v. Block*, 940 F.2d 1211, 1221 (9th Cir. 1991) ("A plaintiff is not barred from bringing such an action where an application would have been a useless act serving only to confirm a discriminatee's knowledge that the job he wanted was unavailable to him." (quotation omitted)). Where an employer forgoes the application process, . . . a plaintiff can meet the "application" element by "showing that, had she known of [the opening], she would have applied." *Box*

*v. A&P Tea Co.*, 772 F.2d 1372, 1377 (7th Cir. 1985).

May 8, 2008 Report 3.  Bane asserted that SUP did not follow proper procedures and failed to announce the opening at the April 22, 2005, 2:00 p.m. job call. Bane was, however, present at the next job call on April 25, 2005 at 10:30 a.m. Bane Decl. ¶ 10.  Based on her allegations, it was an open question SUP should have announced the open position at the April 25, 2005 job call and whether SUP's actions prevented Bane from applying for this opening.  Accordingly, Bane's claim had foundation.

### III.  <u>CONCLUSION</u>

For the reasons stated above, the court ADOPTS the May 8, 2008 Special Master's Report Recommending That Defendant's Motion for Attorney's Fees Be Denied.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, June 30, 2008.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Bane et al. v. Sailors' Union of the Pacific et al.*, Civ. No. 05-00577 JMS/BMK, Order Adopting Special Master's Report Recommending That Defendant's Motion for Attorney's Fees Be Denied